**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Anthony JEFFERIES, Defendant–
Appellant.**

No. 00–4220.

United States Court of Appeals,
Sixth Circuit.

Aug. 8, 2002.

Before MARTIN, Chief Circuit Judge;
SILER and CLAY, Circuit Judges.

PER CURIAM.

Defendant Anthony Jefferies appeals his convictions for armed bank robbery and use of a firearm in the commission of a violent crime. Jefferies argues that the government's delay in bringing an indictment against him substantially prejudiced his defense and thereby violated his Fifth Amendment right to due process. Because he cannot point to any evidence that the government sought or gained a tactical advantage from the delay, or that he was prejudiced by it, we **AFFIRM** his convictions.

## I.

Jefferies was indicted in the Northern District of Ohio on June 16, 1999, five days before expiration of the statute of limitations for the above offenses. The bank robbery occurred at the B.F. Goodrich Credit Union (the "Credit Union") on June 21, 1994.

The government first developed Jefferies as a suspect in February 1995, when he was arrested for the attempted robbery of a federal credit union that showed similarities to the Goodrich robbery (in particular the use of white paper coveralls and hoax explosive devices, and two black perpetrators). In July 1995, a government expert compared a sample of Jefferies' blood to blood found at the Goodrich crime scene and concluded that DNA from the two samples matched.

Jefferies moved to dismiss the Goodrich indictment, arguing that the government's delay in bringing it substantially preju-

diced his defense and thereby violated his Fifth Amendment right to due process. In particular, Jefferies claimed prejudice because: (1) the blood sample, which the government exhausted in its testing, was no longer available for testing by the defense, and (2) the nearly four years that had elapsed between the crime and the indictment made it extremely difficult to find alibi witnesses to what Jefferies contends was an uneventful evening. In response, the government said it had found additional blood matter suitable for testing, and promised to make it available to Jefferies. On the basis of this offer, the district court denied Jefferies' motion to dismiss.

A government expert tested the new blood matter. The government expert again matched the blood from the Goodrich crime scene to Jefferies' blood, and to a higher degree of certainty than the original test.[1] Jefferies' expert was unable to obtain a clear result from the remaining blood matter, but concluded that the government properly analyzed the sample it tested. Jefferies was convicted on all counts of the Goodrich indictment, and was sentenced to 160 months in prison, to be served consecutively to time he already had begun serving for his attempt on the federal credit union. On appeal, Jefferies again argues that the government's delay in indicting him prejudiced his defense and thereby violated his Fifth Amendment right to due process.

## II.

This court reviews constitutional claims of pre-indictment delay *de novo.* *See United States v. Love,* 178 F.3d 1297 at —— (6th Cir.1999). This court reviews findings of fact made by the district court in connection with such a claim for clear error. *See id.* (citing *United States v. Smith,* 94 F.3d 204, 208 (6th Cir.1996)).

Although the statute of limitations is the primary guarantee against the bringing of stale criminal charges, dismissal of a criminal case may be warranted on grounds of pre-indictment delay within the statutory period. *See United States v. Lovasco,* 431 U.S. 783, 789, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). According to *United States v. Duncan,* 763 F.2d 220, 222 (6th Cir.1985), pre-indictment delay violates a defendant's due process rights and warrants dismissal where the defendant shows (1) "substantial prejudice to his right to a fair trial" and (2) that "the delay was an intentional device by the government to gain a tactical advantage."

Here Jefferies argues that the government's delay in bringing an indictment against him substantially prejudiced his defense because it precluded him from conducting an independent analysis of the Goodrich crime scene blood matter tested by the government in 1995. But a second analysis of this material was in fact performed, one which Jefferies' own expert concluded was performed properly. As such, it cannot be said here that Jefferies was deprived of a meaningful opportunity to test the accuracy of the government's original conclusions concerning the blood, or otherwise to acquire information from the samples that might have been useful to the defense. He therefore has failed to satisfy the first prong of *Duncan.*

Jefferies likewise has not shown that the government delayed the indictment in order to gain a tactical advantage, or that it actually received one. As an initial matter, Jefferies cannot rebut the reasons of-

---

1. The original sample revealed a 1 in 2,700 likelihood that the blood found at the Goodrich crime scene came from someone other than Jefferies. The second test decreased that likelihood to 1 in 27,000,000.

fered by the government for delay: first, that it was trying to link Jefferies to two other credit union robberies in Erie, Pennsylvania (on August 11, 1994) and Sandusky, Ohio (on October 7, 1994) which involved factual similarities to the Goodrich and federal credit union robberies; and second, that Jefferies' case repeatedly was reassigned from one federal agent to another.

Jefferies argues that the government's delay in indicting him could not have been motivated by intent to link him to the Erie and Sandusky robberies because the statute of limitations on these crimes had run already by September 1999, when the government responded to his motion to dismiss this case. But the statute of limitations on these crimes had not run at the time the government indicted Jefferies for the Goodrich robbery in June 1999, and thus it is eminently plausible that the government delayed indictment based on an intent to link Jefferies to these other incidents. The fact that the statute of limitations for these crimes ran out sometime after the indictment is irrelevant.

Jefferies also argues that any personnel changes in the agents investigating his case do not justify delay here because the government had all the evidence it needed to indict him for the Goodrich robbery in 1995. This may or may not be true, but does not address the government's argument that the delay was motivated by something other than a desire to gain a tactical advantage.

Most importantly, Jefferies cannot identify any tactical advantage that the government sought or obtained from the delay. Rather, Jefferies candidly admits that he "can only speculate as to why the charges were delayed for four years, 11 months and 25 days," and muses that perhaps the government delayed indictment to await the advent of more sophisticated DNA testing. Such speculation is not enough to satisfy his burden under *Duncan*.

**AFFIRMED.**